ORIGINAL

FILED
NOV - 5 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SYNERGY BUILDERS, INC.

v.

THE UNITED STATES

No. 04-1657C

COMPLAINT FOR CONVERSION OF DEFAULT TERMINATION INTO TERMINATION FOR CONVENIENCE

COMES NOW, Synergy Builders, Inc. ("Synergy"), for its Complaint herein, and states and alleges as follows:

I. PARTIES AND JURISDICTION

1. Synergy is a Montana corporation engaged in the business of general construction and is an SBA Section 8(a) small business contractor.

2. The defendant is the United States Government, acting at all times through its political subdivision, the United Stated Department of Agriculture and the Forest Service ("Government").

3. This action arises out of a contract between Synergy and the Government for the construction project known as the Cabinet Ranger Station Office Remodel and Addition, Project No. 50-03J1-3-0009 ("project"), located in Sanders County, Montana.

4. On March 17, 2004, the Government terminated Synergy's contract on the project for alleged default of the contract. This action is Synergy's appeal of the Contracting Officer's decision to terminate the contract for default.

5. This action is commenced within one year from the date of the Contracting Officer's decision on termination. As a result, this court has jurisdiction over the parties and the subject matter of this action. 41 U.S.C. § 609(a); 28 U.S.C. §1331.

## II. STATEMENT OF FACTS

6. Synergy incorporates the allegations in paragraphs 1 through 5 of this Complaint and realleges them herein.

7. The project consisted of site and utility work, the demolition of an existing section of the business office, remodel of portions of the existing building, and construction of a new office addition.

8. The Forest Service administered the Project for the Government through its Contracting Officer. The Government designed the project using in-house resources. The end user of the facility is the Cabinet Ranger District of the Forest Service.

9. The "Solicitation, Offer, and Award" for the project was executed between Synergy and the Forest Service on July 29, 2003 for the total amount of $766,792.

10. During construction of the project, the Government actively interfered with Synergy's performance of the work and acted in bad faith in the administration of the contract through various actions, including (but not limited to):

(a) failing to provide timely responses to requests for information regarding technical issues that impacted the progress of the work;

(b) delaying the progress of the work into unusually wet winter conditions, thus contributing to the existence of mold in the structure;

(c) falsely accusing Synergy of damaging the existing structure, despite the Government's superior knowledge that the alleged damage was pre-existing;

(d) interfering with Synergy's contracts with consultants retained by Synergy to respond to alleged deficiencies in the work, in an attempt to unduly influence the findings of these consultants;

(e) failing to provide plans and specifications that were adequate and suitable for construction, thus contributing to wet conditions and mold growth in the new construction;

(f) unreasonably withholding approval of Synergy's mold remediation plan without justification;

(g) directing Synergy not to take steps to mitigate the conditions giving rise to the mold growth in the structure, thereby contributing to additional mold growth in the structure;

(h) failing to process payment requests and make payments as required by the contract and by the federal prompt payment act.

11. These actions by the Government, through its representatives, interfered with Synergy's ability to perform its work in a timely fashion, thereby delaying the completion of the work. In addition, the plans and specifications provided by the Government were deficient in failing to account for the project conditions, thereby contributing to the existence of mold in the structure. The Government's active interference and breach of its contractual obligations excuse any nonperformance by Synergy.

12. Despite the fact that Synergy was excused from any delay or nonperformance, the Government terminated Synergy's contract for default under FAR 52.249-10, which is incorporated into Synergy's contract.

## III. CAUSE OF ACTION

## CONVERSION OF DEFAULT TERMINATION TO TERMINATION FOR CONVENIENCE

13. Synergy incorporates the allegations in paragraphs 1 through 12 of this Complaint and realleges them herein.

14. Because any alleged nonperformance by Synergy is excused by the Government's own conduct and breaches, the termination of Synergy's contract for default was improper and

wrongful. As a result, the termination should be converted to a termination for convenience under FAR 52.249-10(c) and the Government should be compelled to proceed with a termination for convenience settlement under FAR 52.249-2.

15. Synergy reserves the right to seek recovery of costs and damages for a termination for convenience settlement upon a decision converting the termination for default into a termination for convenience.

PRAYER FOR RELIEF

WHEREFORE, Synergy requests that the Court provide relief as follows:

1. That the Contracting Officer's decision to terminate the contract for default be overturned;

2. That the termination be converted into a termination for convenience;

3. That the Government be directed to proceed with a termination for convenience settlement with Synergy, pursuant to FAR 52.249-2;

4. That Synergy be awarded all costs and attorneys' fees permitted by law, including (without limitation) the Equal Access to Justice Act; and

5. For such other relief as the Court deems just and equitable.

DATED this 2nd day of November, 2004.

JOHN H. GUIN, ESQ.
WINSTON & CASHATT LAWYERS
Attorneys for Synergy Builders
601 W Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
(509) 838-1416 fax