IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYNERGY BUILDERS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-1657C (Judge Williams) |

DEFENDANT'S ANSWER TO COMPLAINT

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations contained in paragraph 2 that the United States is the defendant in this action and that the United States Department of Agriculture and the Forest Service are parts of the United States; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted.

4. Admits the allegations contained in the first sentence of paragraph 4 that the Government terminated Synergy's contract in March 2004; otherwise denies the allegations contained in the first sentence of paragraph 4. Avers that the contract was

terminated on March 16, 2004. The allegations contained in the second sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited in paragraph 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8 to the extent that the Government used some in-house resources to design the project; otherwise denies the allegations contained in the second sentence of paragraph 8. Admits the allegations contained in the third sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in the first clause of paragraph 10. Admits the allegations contained in subparagraph (a) of paragraph 10 to the extent that the Government provided two untimely responses to requests for information regarding technical issues; otherwise denies the allegations contained in subparagraph (a) of paragraph 10. Denies the allegations contained in subparagraphs (b), (c), (d), (e), (f), and (g) of paragraph 10. Admits the allegations contained in subparagraph (h) of paragraph 10 to the extent that the Government failed to timely process some payment requests and to make some timely payments; otherwise denies the allegations contained in subparagraph (h) of paragraph 10.

11. Denies.

12. Admits the allegations of paragraph 12 that the Government terminated Synergy's contract for default under FAR 52.249-10, which is incorporated into Synergy's contract; otherwise denies the allegations contained in paragraph 12.

13. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

14. Denies.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 15, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

February 4, 2005

Attorneys for Defendant