IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYNERGY BUILDERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1657C<br>(Judge Williams) |

**JOINT PRELIMINARY STATUS REPORT**

COME NOW the parties to this action, by and through their undersigned counsel, and offer the following Joint Preliminary Status Report, pursuant to RCFC Appendix A, paragraph 4.

1. Jurisdiction: Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. § 609(a) and 28 U.S.C. § 1331. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

2. Consolidation: The parties agree that there are no other pending actions that warrant consolidation.

3. Bifurcation: The relief requested in this action is for the Court to convert the termination for default to a termination for convenience. There is currently no request for damages at this time. However, Synergy Builders, Inc. anticipates the possibility of filing a motion to amend the complaint to include a request for termination costs. Synergy Builders, Inc. will know whether it will file such a motion within ninety days. In the event the complaint is amended, bifurcation may be appropriate. Defendant reserves the right to oppose bifurcation.

4. Deferral of proceeding: The parties agree that there is no reason to defer this proceeding for any reason.

5. Additional parties: The parties agree that there are no additional parties to be joined in this action.

6. Dispositive motions: There are no dispositive motions currently planned for filing, but it is too early in the proceedings to determine if dispositive motions under RCFC 56 may be appropriate.

7. Relevant factual and legal issues:

Plaintiff's list of relevant factual and legal issues:

The present case arises from a construction project where the United States Government, through the Forest Service, engaged Synergy Builders, Inc. to perform construction services. The Forest Service eventually terminated the contract for default. Synergy Builders, Inc. contends that the termination was wrongful because Synergy Builders, Inc. had not defaulted on performance and, in fact, the Forest Service had previously breached a number of its obligations under the construction contract.

While issues of federal construction law will be the primary legal issues, the majority of the issues for trial will be factual issues over defaults or breaches of the construction contract. Some of the factual issues include:

(a) whether the Forest Service failed to provide timely responses to requests for information regarding technical issues that impacted the progress of the work;

(b) whether the Forest Service delayed the progress of the work into unusually wet winter conditions, thus contributing to the existence of mold in the structure;

(c) whether the Forest Service falsely accused Synergy of damaging the existing structure, despite the Forest Service's superior knowledge that the alleged damage was pre-existing;

(d) whether the Forest Service interfered with Synergy's contracts with consultants retained by Synergy to respond to alleged deficiencies in the work, in an attempt to unduly influence the findings of these consultants;

(e) whether the Forest Service failed to provide plans and specifications that were adequate and suitable for construction, thus contributing to wet conditions and mold growth in the new construction;

(f) whether the Forest Service unreasonably withheld approval of Synergy's mold remediation plan without justification;

(g) whether the Forest Service directed Synergy not to take steps to mitigate the conditions giving rise to the mold growth in the structure, thereby contributing to additional mold growth in the structure;

(h) whether the Forest Service failed to process payment requests and make payments as required by the contract and by the federal prompt payment act.

(i) whether Synergy Builders, Inc. defaulted on its contract obligations owed to the Forest Service, without excuse.

Defendant's list of relevant factual and legal issues:

(a) Whether Synergy's work conformed to the contract specifications;

(b) Whether Synergy made acceptable progress that would ensure successful completion within the contract time allowed;

(c) Whether Synergy timely mitigated and took corrective action on the moisture and mold issues.

8. Likelihood of settlement: While it is too early in the proceedings to determine the likelihood of settlement, the parties anticipate engaging in settlement discussions in the next

sixty days to determine the likelihood of settlement. Synergy Builders, Inc. is willing to consider formal mediation in the event negotiations or settlement discussions are unsuccessful. Defendant does not, at this time, believe that ADR is appropriate.

9. Trial: As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, of if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. Plaintiff requests that trial take place in Missoula, Montana. Defendant does not oppose this request.

10. Electronic Case Management: The parties are not aware of any special needs regarding electronic case management.

11. Other Issues: The parties are not aware of any other special issues for the Court to address at this time.

12. Proposed Discovery Plan: The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| (a) Exchange of Initial Disclosures | March 29, 2005 |
| (b) Close of Fact Discovery | November 30, 2005 |
| (c) Plaintiff's Expert Report Due | January 13, 2006 |

//

//

//

//

//

(d) Defendant's Expert Report Due February 10, 2006

(e) Deadline for Expert Depositions March 17, 2006

RESPECTFULLY SUBMITTED this 15th day of March, 2005.

______________________________
JOHN H. GUIN, ESQ.
WINSTON & CASHATT LAWYERS
Attorneys for Synergy Builders

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972
Attorneys for Defendant